IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Richard A. Capell, | ) | C/A No.: 3:13-586-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| C. Lee Carter III; South Carolina Department of Public Safety; York County Sheriff's Department; TFC D.W. Jenkins; and York County Deputy Aldridge, | ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Richard A. Capell, proceeding pro se and in forma pauperis, asserts claims pursuant to Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. ("ADA"), and 42 U.S.C. §§ 1983, 1985, and 1986 against C. Lee Carter III ("Investigator Carter"), D.W. Jenkins ("Trooper Jenkins"), the South Carolina Department of Public Safety ("SCDPS"), the York County Sheriff's Department ("YCSD"), and Phillip Aldridge ("Deputy Aldridge") (collectively "Defendants") (Investigator Carter, Trooper Jenkins, and Deputy Aldridge are hereinafter collectively referred to as the "Individual Defendants"). This matter comes before the court on Defendants' motion to dismiss filed on July 22, 2013, pursuant to Fed. R. Civ. P. 12(b)(6). [Entry #34]. On July 23, 2013, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the dismissal procedure and possible consequences if he failed to adequately respond to the motion to dismiss.

[Entry #35]. The motion to dismiss having been fully briefed [Entries #38, #39], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendants' motion and dismiss Plaintiff's complaint in its entirety.

I.      Factual and Procedural Background

In his amended complaint, Plaintiff alleges that while driving on the interstate on April 12, 2012, he observed another driver driving recklessly ("Other Motorist"). [Entry #24 at 3]. Plaintiff, who asserts that he was a rescue squad member and had apparently equipped his car with a siren and flashing lights, allegedly activated his red lights and siren to warn other drivers of the Other Motorist. *Id.* He also called the South Carolina Highway Patrol ("SCHP") to report the Other Motorist. *Id.* The SCHP told him to discontinue use of his red lights and siren and advised him not to pull over the Other Motorist. *Id.*

Plaintiff allegedly followed the Other Motorist for approximately 78 miles before a York County Sheriff's deputy, Deputy Aldridge, stopped the other vehicle. *Id.* After Deputy Aldridge issued a citation to the Other Motorist, Plaintiff allegedly described himself as disabled to Deputy Aldridge. *Id.* According to Plaintiff, Deputy Aldridge responded by asking, "What's your disability?" *Id.* Other York County deputies and

2

SCHP troopers, including Trooper Jenkins, then allegedly arrived on the scene. *Id.* While questioning Plaintiff regarding the contents of his vehicle, including his service dog, Trooper Jenkins allegedly asked, "What's the dog for?" *Id.* at 4. Trooper Jenkins also allegedly asked how Plaintiff became disabled. *Id.*

Following this incident, Plaintiff claims that he was investigated for impersonating an officer by Investigator Carter. *Id.* Plaintiff asserts that Investigator Carter's actions during the investigation gave Plaintiff a reputation that he does not deserve. *Id.*

Plaintiff contends that Deputy Aldridge and Trooper Jenkins violated Title II of the ADA. *Id.* at 3–4. He alleges that all Defendants "seem to be doing the best that they can to violate [his] civil rights, reputation and [his] rights as an American with Disabilities." *Id.* at 4–5. He contends that 42 U.S.C. §§ 1983, 1985, and 1986 govern his claims. *Id.* at 6; *see also* Entry #24-1 at 2–3. Plaintiff has not articulated the relief that he seeks other than to state that he is fine with whatever relief the court decides is just and fair. [Entry #24 at 6].

II.     Discussion

    A.     Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal

terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    ADA Claim

A detailed reading of Plaintiff's amended complaint reveals that his claims are based on Defendants' alleged questioning of Plaintiff regarding his disability allegedly in violation of Title II of the ADA. Thus, the undersigned finds that Plaintiff is attempting to assert a claim under Title II of the ADA. Under 28 C.F.R. § 35.136(f), "[a] public

4

entity shall not ask about the nature or extent of a person's disability . . . ."[1]  Public entity is defined in pertinent part as (1) any state or local government, or (2) any department, agency, special purpose district, or other instrumentality of a state or states or local government.  28 C.F.R. § 35.104.

To establish a prima facie case under Title II of the ADA, Plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  *Spencer v. Easter*, 109 Fed. App'x 571, 573 (4th Cir. 2004) (citing cases).

A threshold issue in analyzing Plaintiff's ADA claim is whether Eleventh Amendment immunity applies.  The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court.  *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890).  Eleventh Amendment immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself," *Will v. Mich. Dep't of State*

---

[1] The undersigned has been unable to locate any federal cases based solely on an alleged violation of 28 C.F.R. § 35.136(f).

5

*Police*, 491 U.S. 58, 71 (1989) (internal citation omitted).  For Eleventh Amendment purposes, SCDPS and YCSD are considered arms of the state.  *See South Carolina State Troopers Federation Local 13 IUPA AFL-CIO v. South Carolina Dept. of Public Safety*, 112 Fed. Appx. 883, *885 (4th Cir. 2004) (finding SCDPS to be an arm of the state); *Carroll v. Greenville County Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (holding that a suit against the sheriff's office is a suit against the state).  The Supreme Court has made it clear that Congress may only abrogate the states' sovereign immunity when it expresses an unequivocal intent to do so and acts pursuant to a valid exercise of power.  *Seminole Tribe*, 517 U.S. at 55.

In *Wessel v. Glendening*, the Fourth Circuit Court of Appeals ruled that Congress did not validly abrogate the sovereign immunity of the States when it enacted Part A of Title II of the ADA, and that an individual could not therefore sue a state under Title II. 306 F.3d 203, 213 (4th Cir. 2002).  However, in *United States v. Georgia*, the Supreme Court subsequently held that, "insofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."  546 U.S. 151, 159 (2006).  While *United States v. Georgia* overruled *Wessel* to the extent that a Title II ADA claim that also amounts to an independent constitutional violation *can* be pursued against a State, it did not overrule *Wessel* to any other extent, instead leaving that question to be decided by the lower courts.  *See Anderson v. South Carolina Dep't of Corrections*, C/A No. 9:09-402-TLW-BM, 2009 WL 5031305, at *9 n. 6 (D.S.C. Dec. 14, 2009) (adopting report and recommendation) (citing *United States v. Georgia*, 546

U.S. at 159). Therefore, to the extent Plaintiff's Title II claims do not amount to a constitutional violation, *Wessel* still controls in this circuit and Eleventh Amendment immunity applies. *Spencer v. Earley*, 278 Fed. Appx. 254, 257–59 (4th Cir. 2008); *Chase v. Baskerville*, 508 F. Supp. 2d 492, 501–07 (E.D.Va. 2007), *aff'd*, 305 Fed. Appx. (4th Cir. 2008).

The central issue then is whether Plaintiff has sufficiently pled a violation of the Fourteenth Amendment. To succeed on an equal protection claim under the Fourteenth Amendment, Plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "If [he] makes this showing, 'the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny.'" *Veney v. Wyche*, 293 F.3d 726, 731 (4th Cir. 2002) (quoting *Morrison*, 239 F.3d at 654).

Plaintiff has neither pled that he was treated differently than other disabled individuals, nor alleged that any unequal treatment was the result of intentional or purposeful discrimination. Consequently, the undersigned recommends a finding that Plaintiff has failed to state a viable equal protection claim against Defendants. The undersigned further recommends, based on *Wessell*, *United States v. Georgia*, and their progeny, a finding that Eleventh Amendment immunity applies to SCDPS, YCSD, and

7

the Individual Defendants in their official capacities and recommends dismissal of Plaintiff's Title II claims on that basis.[2]

### 2. Claims Under 42 U.S.C. § 1983

Plaintiff also seeks to state an equal protection claim under 42 U.S.C. § 1983 based on Defendants' alleged violations of Title II of the ADA. As is noted in the preceding section, Plaintiff has failed to state a viable claim under the Fourteenth Amendment, therefore, his § 1983 claim, which can only reasonably be couched in the Fourteenth Amendment, also necessarily fails. Furthermore, as with his ADA claim, Plaintiff's § 1983 claims against SCDPS, YCSD, and the Individual Defendants in their official capacity are barred by Eleventh Amendment immunity.[3] Finally, to the extent Plaintiff seeks to bring § 1983 claims against the Individual Defendants in their individual capacities, such claims are subject to dismissal because they are grounded in an alleged violation of Title II of the ADA, which does not provide for individual liability.[4] *See Blackburn*, 2009 WL 632542, at *20. For these reasons, the undersigned recommends Plaintiff's § 1983 claims be dismissed.

---

[2] Plaintiff's amended complaint provides that he is asserting claims against the Individual Defendants in their official capacities. [Entry #24 at 2]. However, to the extent Plaintiff asserts that the Individual Defendants violated Title II in their individual capacity, the undersigned recommends those claims be dismissed because the ADA does not authorize such suits. *See Blackburn v. South Carolina*, C/A No. 0:06-2011, 2009 WL 632542, at *20 (D.S.C. March 10, 2009).

[3] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15–78–20(e).

[4] To the extent Plaintiff seeks to assert a § 1983 claim against Investigator Carter based on the minimal allegations related to the investigation, the undersigned also finds that Plaintiff has failed to state a claim. Plaintiff has not articulated any constitutional rights

3.  Claims Under 42 U.S.C. §§ 1985 and 1986

Plaintiff also alleges that Defendants violated 42 U.S.C. §§ 1985 and 1986. To state a claim under § 1985, a plaintiff must allege the following four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *See Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)). Section 1986 makes actionable the failure to prevent any of the wrongs set forth in § 1985. 42 U.S.C. § 1986. A claim under § 1986 is thus dependent on the existence of a valid § 1985 claim. *See Trerice*, 755 F.2d at 1085.

Here, Plaintiff references these statutes only in passing [Entry #24 at 6] and fails to assert any factual allegations in support of the existence of a conspiracy. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Thus, the undersigned recommends these claims be dismissed.

---

violated by Investigator Carter during the investigation and has failed to plead the requisite elements for an equal protection claim.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district court grant Defendants' motion to dismiss Plaintiff's amended complaint [Entry #34].

IT IS SO RECOMMENDED.

September 24, 2013                              Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).